UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL ALBERT,<br><br>             Plaintiff,<br><br>         v.<br><br>YOUTUBE, LLC,<br><br>             Defendant. | Case No. 15-cv-05283 NC<br><br>**RECOMMENDATION TO DISMISS THE CASE FOR FAILURE TO STATE A CLAIM**<br><br>Re: Dkt. No. 5 |

Proceeding pro se and in forma pauperis, Marcel Albert wishes to hold YouTube, LLC, liable for over one hundred million dollars of punitive damages because it did not comply with his takedown request for a music video performed by his band, Marc Mysterio. Because Albert fails to state a claim upon which relief can be granted, this Court recommends that the complaint be dismissed.

## I.   PRELIMINARY SCREENING

A federal court must engage in a preliminary screening of any complaint filed by a plaintiff proceeding in forma pauperis to ensure the complaint is not frivolous, states a claim, and does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. ALBERT'S ALLEGATIONS

Albert seeks to hold YouTube liable for its "failure to even consider" a copyright infringement takedown notice sent by Albert to YouTube regarding a music video. Dkt. No. 1 at 4.[1] Albert is "professionally known as the composer for the dance-music act, Marc Mysterio" that recorded, among others, the song "Everything Is All Wrong." *Id*. The music video for "Everything Is All Wrong" was uploaded to YouTube with a description stating that it was "[p]ublished on Jan 23, 2012 Music video by Marc Mysterio performing Everything Is All Wrong (& Dhany feat. Karl Wolf). (C) 2011 World Class Records under exclusive license to Sony Music Sweden AB." *Id*. at 4-5.

Albert alleges that he sent a takedown request to YouTube through YouTube's system created for the purpose of receiving and responding to takedown requests. *Id*. at 13. He states that he received a response from YouTube's Legal Support Team stating, "Thank you for your takedown request. However, we have received the following content under licence [sic] from Vevo: (link omitted). For this reason, we will not be able to comply with your removal request. If you wish, you may further pursue the issue directly with Vevo." *Id*. at 13.

Albert claims that YouTube violated the Digital Millennium Copyright Act (DMCA) by failing to consider his takedown request for "Everything Is All Wrong." *Id*. at 10. According to Albert, "there was indeed a violation of the DMCA for the narrow cause and reason of YouTube's failure to even merely consider the takedown request, and that the violation was draconian and intentional in nature as evinced the screen shots from the Defendant's own website, and the email refusing to even merely consider the request solely because Defendant YouTube 'licensed the content from VEVO' which is one of the most absurd examples of capriciousness in American Jurisprudence History as it pertains to the intentional violation of a well settled federal law by a defendant of the wealth and power of Defendant YouTube." Dkt. No. 1 at 14.

Albert also alleges that YouTube violated the Sherman Act because its "actions clearly portray that they are conducting business as if they had an anti-trust exemption as it pertains to the

---

[1] Albert's Complaint and supporting documents include his personal email address and other personal information. Therefore, the Court has sealed the Complaint and other documents containing personal information.

2

1  mere consideration of takedown requests solely for content licensed to them by VEVO." *Id*. at 9.

2  Albert states that "the fact that over 90% of the views of YouTube of music promotional
3  videos are licensed to YouTube by VEVO on most favored nations basis, and the lack of viable
4  competition in the business of the public performance of streaming video, for purposes including
5  but not limited to promotional music videos, Defendant Youtube has violated Federal Anti-Trust
6  Laws engaging in abusive practices contrary to the 1980 Sherman Antitrust Act sections 1 and 2 in
7  violation of the same." *Id*.  Albert states, "the wanton conduct of Defendant YouTube results in a
8  sufficient nexus that the court is constrained to infer that YouTube has intentionally made the
9  practice of the mere refusal of copyright takedown complaints against content Defendant has
10 licensed from VEVO to create not only a de-facto monopoly, but also has done so deliberately so
11 whereas its own actions speak for themselves in the case at bar with the specific intent of
12 maintaining its de-facto monopoly and to discourage copyright holders from filing takedown
13 notices with YouTube on content licensed to them by VEVO." *Id*. at 10.

14 YouTube's actions culminate in "a monopoly, serious economical [sic] harm and an un-
15 level playing field thereby [as well as] the most egregious violation of the DMCA this court has,
16 more likely than not, seen, to date." *Id*.

17 Albert requests punitive damages "in excess of the amount of $100,000,000" as well as
18 injunctive relief "requiring YouTube to follow its own laws, as well as federal laws, including but
19 not limited to the DMCA, as it pertains to the mere consideration of takedown requests,
20 irrespective of as to whom licensed them the content," as well as reasonable costs and attorney's
21 fees if Albert chooses to retain counsel. *Id*. at 16.

## III. DISCUSSION

Liberally construed, Albert's allegations include copyright infringement, violation of the DMCA, and a monopoly by YouTube in violation of the Sherman Act.  However, because he has not presented factual allegations showing any harm or showing illegal actions by YouTube, his complaint fails as a matter of law.

### A. Copyright Infringement And Violation Of The DMCA

A plaintiff who claims copyright infringement "must show: (1) ownership of a valid

3

copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a) (2003)).

Here, Albert does not allege that showing the video of "Everything Is All Wrong" on YouTube violated his ownership rights. Albert does not allege that he owns exclusive copyright to the disputed music video, although he states that he is the composer for the band. Dkt. No. 1 at 4. He states that there was "no mention of a license from VEVO" in the description of the music video as posted on YouTube, but does not allege that he holds the copyright to "Everything Is All Wrong," or dispute the description identifying Sony Music Sweden AB as the copyright holder. *Id*. at 5. He does not allege that VEVO does not have the power to license the content to YouTube for public consumption. As such, he has failed to allege harm. *McGary v. Brown*, 2006 WL 1705906, at *1 (W.D. Wash. June 14, 2006) (finding plaintiff's complaint "deficient, because he failed to allege sufficient facts showing how individually named defendants caused or personally participated in causing harm that violated federal law or his constitutional rights, and because did not show he was entitled to the injunctive relief he requested").

Albert also appears to be alleging that YouTube's system for dealing with take down requests is inadequate under the DMCA. However, he has not alleged facts to suggest that YouTube did not comply with the DMCA sufficiently to qualify for a safe harbor under the statute.

The DMCA has safe harbors designed to "provide protection from liability for: (1) transitory digital network communications; (2) system caching; (3) information residing on systems or networks at the direction of users; and (4) information location tools." *Ellison,* 357 F.3d at 1076–77 (citing 17 U.S.C. §§ 512(a)-(d)).

To be eligible for a safe harbor under §§ 512(a)-(d) of the DMCA, a service provider must qualify under § 512(i), including a requirement that the service provider: "has adopted and reasonably implemented, and informs subscribers and account holders of the service provider's system or network of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat

4

infringers." Section 512(i)(1)(A); *Ellison,* 357 F.3d at 1080. The Ninth Circuit has held "that a service provider 'implements' a policy if it has a working notification system, a procedure for dealing with DMCA-compliant notifications, and if it does not actively prevent copyright owners from collecting information needed to issue such notifications." *Perfect 10, Inc. v. Cybernet Ventures, Inc.,* 213 F. Supp. 2d 1146, 1174 (C.D. Cal. 2002).

Here, Albert has not alleged that YouTube has an insufficient notification system for dealing with takedown requests. Albert does state that YouTube's refusal to "even consider" his takedown request creates this cause of action, but YouTube did respond to his request and gave its license agreement with VEVO as the reason for its decision not to comply with his takedown request. Dkt. No. 1 at 3. Therefore, he fails to state a violation of the DMCA.

**B.     Antitrust Violation Under The Sherman Act**

In order to make out a claim for attempted monopolization or monopolization under the Sherman Act, a plaintiff must define the relevant market. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1476 (9th Cir. 1997). The relevant market is "the field in which meaningful competition is said to exist." *Image Technical Services, Inc. v. Eastman Kodak Co.,* 125 F.3d 1195, 1202 (9th Cir. 1997). Failure to allege the relevant market is an appropriate ground for dismissal of a Sherman Act claim. *Tanaka v. University of Southern California,* 252 F.3d 1059, 1063 (9th Cir. 2001). "A 'market' is any grouping of sales whose sellers, if unified by a monopolist or a hypothetical cartel, would have market power in dealing with any group of buyers." *Rebel Oil Co. v. Atlantic Richfield Co.,* 51 F.3d 1421, 1434 (9th Cir. 1995). The Supreme Court has explained that the relevant market for antitrust purposes is determined by the choices available to consumers. *Eastman Kodak Co. v. Image Technical Services, Inc.,* 504 U.S. 451, 481–82 (1992). "The product market includes the pool of goods or services that enjoy reasonable interchangeability of use and cross-elasticity of demand." *Tanaka,* 252 F.3d at 1063.

Here, Albert alleges that YouTube has violated the Sherman Act by "creating a monopoly by and through aforementioned abusive practices." *Id*. at 15. However, he fails to allege any facts defining a "relevant market" for antitrust purposes. *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007). Albert's conclusory allegations that YouTube created a monopoly and his references to

heavy web traffic on the site do not remedy this deficiency. *Id*.

Therefore, Albert has not alleged a violation of the Sherman Act. Because it is clear that the deficiencies of this cause of action cannot not be cured by amendment, the Court recommends dismissal without leave to amend. *Noll,* 809 F.2d at 1448.

### C. Addition of U.S. Government As Involuntary Defendant

Attendant to his violation of the Sherman Act, Albert alleges that, motivated by the tax revenue created by YouTube's business, the government "has been aware, or at the very least, should have been aware of these abusive practices . . . [and] has, at bottom, negligently neglected to prosecute." Dkt. No. 1 at 15. Albert therefore requests that the Court "sua sponte add as an involuntary defendant the Acting US Attorney for the Northern District of California, Brian Stretch," as well as the entire US Attorney's Office for the Northern District of California. *Id*. Albert states that "he demands no damages whatsoever from US Attorney Stretch and/or his office, only action to create a level playing field for all which was and is the intent of the Sherman Act and which Defendant has intentionally violated." *Id*.

Albert has not successfully alleged a violation of the Sherman Act. Moreover, the Ninth Circuit has held that "that a prosecutor is entitled to absolute immunity for the decision not to prosecute." *Roe v. City & Cty. of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997). Therefore, Brian Stretch and the US Attorney's Office for the Northern District of California are entitled to absolute immunity for the decision not to prosecute YouTube for an antitrust violation in connection with Albert's claim.

### IV. CONCLUSION

Albert has failed to state a claim upon which relief may be granted. He has 14 days to file a motion seeking leave to amend his allegations that YouTube has violated the DMCA; his antitrust claims are dismissed without leave to amend. If Albert seeks to amend his complaint, he must redact personal information from all future filings so that they may be filed publicly. If Albert does not seek leave to amend, the complaint will be dismissed in its entirety. Alternatively, Albert may pay the $400 court filing fee and proceed with his case not in forma pauperis.

Attached is a form for Albert to either consent to or decline the jurisdiction of a magistrate

6

1  judge, which he must complete and file within 14 days.  Also attached is a letter providing

2  guidance to additional resources the Court provides pro se litigants.

3

4  **IT IS SO ORDERED.**

5

6  Dated:  December 4, 2015                          _____

7                                                                          NATHANAEL M. COUSINS
                                                                              United States Magistrate Judge

United States District Court
Northern District of California

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCEL ALBERT,

    Plaintiff,

  v.

YOU TUBE, LLC,

    Defendant.

Case No. 15-cv-05283 NC

**CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION**

INSTRUCTIONS: Please indicate below by checking one of the two boxes whether you (if you are the party) or the party you represent (if you are an attorney in the case) choose(s) to consent or decline magistrate judge jurisdiction in this matter. Sign this form below your selection.

**( ) Consent** to Magistrate Judge Jurisdiction

In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

OR

**( ) Decline** Magistrate Judge Jurisdiction

In accordance with the provisions of 28 U.S.C. § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case and I hereby request that this case be reassigned to a United States district judge.

DATE:                                       NAME:
                                                COUNSEL FOR:
                                                (OR "PRO SE:)

_____
Signature

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
280 South 1st Street
San Jose, CA 95113

www.cand.uscourts.gov

SUSAN Y. SOONG  
CLERK OF COURT

GENERAL COURT NUMBER  
408-535-5363

To: Pro Se Litigant  
Re: Representing Yourself Before This Court

Dear Pro Se Litigant:

If you are representing yourself in federal court without representation by an attorney, that is called proceeding "pro se." The court has free resources to help you find your way through the court system and procedures. The Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is available at Room 2070 in the San Jose United States Courthouse (Monday to Thursday 1:00 – 4:00 pm, on Friday by appointment only), and The Law Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose, CA (Monday to Thursday 9:00 am –12:00 pm, on Friday by appointment only), or by calling (408) 297-1480.

There are also online resources available on the court's webpage. The Pro Se Handbook, found at http://www.cand.uscourts.gov/prosehandbook, has a downloadable version of the court's own publication: *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*. Pay special attention to the **Civil Litigation Packets** tab on the left, which provides useful fillable forms. The Pro Se Handbook website also has a link to the Court's Electronic Case Filing (ECF) website.

*Susan Y. Soong*

Susan Y. Soong  
Clerk, United States District Court

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL ALBERT,<br><br>        Plaintiff,<br><br>   v.<br><br>YOU TUBE, LLC,<br><br>        Defendant. | Case No. 15-cv-05283-NC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 4, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marcel Albert
148 Bythia Street
Orangeville, ON L9W 4E8
CANADA

Dated: December 4, 2015

Susan Y. Soong
Clerk, United States District Court

By:_*LiliMHarrell*_____
Lili Harrell, Deputy Clerk to the
Honorable NATHANAEL M. COUSINS