**MARCEL ALBERT
PLAINTIFF PRO SE**

**IN THE US DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **Marcel Albert,** | ) | |
| **Professionally known as a member of The** | ) | |
| **Dance-Genre Music Act 'Marc Mysterio'** | ) | **HON FEDERAL MAGISTRATE JUDGE** |
| **Plaintiff** | ) | **COUSINS** |
| **Vs.** | ) | **NO CV 15 5283** |
| **YouTube, LLC,** | ) | |
| **John Doe(s) 1-1,000,000** | ) | |
| **Defendant** | ) | **MOTION FOR LEAVE TO FILE** |
| | ) | **AMENDED COMPLAINT** |

NOW COMES, Marcel Albert, Plaintiff Pro Se, whom hereby moves this honorable court to grant leave to file an amended complaint, for clarity purposes, whereas the court grossly mis-constructed the intent of the complaint by failing to thoroughly review the complaint as required when filed by a PRO SE Plaintiff, and to add documents in support of the case which were not available to Plaintiff at the time of the initial filing that further support Plaintiff's case, including but not limited to: emails from Beatport removing the same work upon receiving proper notice and

**MOTION FOR LEAVE TO FILE AMENDED COMPLAIN: MARCEL ALBERT V. YOUTUBE, LLC**

evidence including but not limited to that which is attached following Beatport contacting the provider of the infringing work (all emails attached hereto).

In support thereof, Plaintiff Pro Se states as follows:

1. Plaintiff Pro Se filed this action due to YouTube's failure to even consider his takedown request of the song 'Somebody' by Natalie La Rose ('Infringing Work') which contains interpolation samples of Plaintiff's original work 'Do You Really Wanna Know (Somebody)' by Marc Mysterio ft Lillix, of which Plaintiff owns the copyright thereto.

2. Plaintiff attached, as exhibit #1 to the complaint, a notice from YouTube including a link to the infringing work noting properly in the complaint that this was the work at issue.

3. The court has not read the full complaint, whereas had it done so, and entered in to a computer the YouTube link noted, it would have indeed seen that the takedown request was not for 'Everything Is All Wrong', rather, the infringing work.

4. Plaintiff merely made reference to his own previous work 'Everything Is All Wrong' by Marc Mysterio to show both his status in the industry, and that YouTube monopolizes the market, to wit, the market of Streaming Video with audio of music videos – not in anyway referenced that song was ever subject to a takedown… Simply showing that YouTube monopolizes the marketplace by ignoring takedowns, unlawfully in violation of the DMCA, as part of their scheme to monopolize the market which YouTube has done so not only successfully, but only promotes and lists in searches (as noted in the letter to Judge Counsins of November 20th, 2015 which also forwarded a copy of the complaint made to the FTC, whom has responded – the response is attached hereto) that it feels like doing so. As dispositve evidence, Plaintiff noted simply the play stats on Spotify, an audio only streaming platform of his work 'Everything Is All Wrong. All of which was stated in the complaint, including noting of the sector.

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT: MARCEL ALBERT V. YOUTUBE, LLC**

5. Furthermore, it is commonly understood that authors and composers own their copyrights absent a separate publishing agreement to the underlying work. Thus, the court should have construed the Plaintiff's compliant to properly read that as composer he was also the copyright holder to both the original work and the infringing work.

6. In Music, there are generally 3 copyrights
   a. Music Composition
   b. Authorship of Lyrics
   c. The Sound Recording

7. Furthermore, when an original work, in this case 'Do You Really Wanna Know' by Marc Mysterio ft Lillix ("Original Work") is sampled, either directly from the original master recording, or as an interpolation (as in this case), requires a signed sample clearance from the Copyright holder.

8. 'Somebody' by Natalie La Rose was licensed to Universal Republic Records by IMG, an entity either owned, managed and/or controlled by Tramar Dillard professionally known as Flo Rida, Eric Prince (of Poe Boy Music poeboy305@gmail.com) and his brother Lee Prince (collectively 'Infringing Parties')

9. Flo Rida is listed as a purported co-writer of the infringing work.

10. The Infringing Parties and Plaintiff have done a substantial amount of work together as the emails attached hereto demonstrate.

11. Finally, in 2012, the infringing parties contacted plaintiff pro se via third party in order to express interest in the original work seeking to license it for a new artist of Flo Rida (Flo Rida has the authority to sign new acts to IMG whom has a licensing agreement with Universal Republic whom in turn has a licensing agreement with VEVO whom in turn provides the

**MOTION FOR LEAVE TO FILE AMENDED COMPLAIN: MARCEL ALBERT V. YOUTUBE, LLC**

Videos to YouTube) for IMG, specifically, Natalie La Rose. (emails attached hereto)

12. Despite numerous corresspondance on this and other matters between the parties, no deal was reached, no mechanical license granted to the infringing parties, and no sample publishing clearances were granted.

13. Upon learning of the infringing work being released, Plaintiff instructed the collection societies for mechanical rights and perfomance rights with whom he is affiliated with (e.g., SODRAC in Canada) to claim forthwith a stake in the copyright of the infringing work with sister societied, including but not limited to Harry Fox Agency (see attached emails between SODRAC, Universal Republic, etc.).

14. SODRAC advised that contrary to the law, Universal Republic had failed to date to even obtain a mechanical license from Harry Fox which is required prior to release (as noted in attached emails).

15. For the avoidance of doubt, Plaintiff never approved of the sample inclusion of his original work, maintains that 'Somebody' by Natalie La Rose is an illegal derivative work of his original work, of which he owns the copyright thereto and, therefore, owns the copyright to 'Somebody' as well due to the unauthorized use of samples as further proven by the musciologist report attached hereto. Additionally, since the infringing work is a derivative work of Plaintiff's own original work, for clarity, Plaintiff does not recognize any other individuals associated with the infringing works as 'co-writers' or 'co-copyright holders'.

16. With the intent to defraud and deceive, the infringing parties did not include plaintiff's name on the writer's credits nor made any reference to their inclusion of the unauthorized

**MOTION FOR LEAVE TO FILE AMENDED COMPLAIN: MARCEL ALBERT V. YOUTUBE, LLC**

sample – and even went as far as to insult and threaten both Plaintiff and the neutral forensic musicologist as noted in the report attached hereto of William Fricker.

17. This is the second time that the infringing parties have acted in such a manner to the detriment of the Plaintiff. In 2013, Plaintiff released 'Booty On The Floor' as a song dedicated to the Boston Marathon Victims of which Flo Rida was not only the vocalist on, but was also compensated for and then publically denied any involvement in the song.

18. This lawsuit is simply filed on the basis that YouTube failed to merely consider the takedown in violation of the DMCA.

19. Plaintiff has attached hereto emails to YouTube which came before the cause of action, to wit, the refusal to consider the takedown request on the basis that it had licensed the content from YouTube.

20. Plaintiff had previously requested a takedown of the same exact video containing the infringing work.

21. YouTube expressed concern and requested additional infromation

22. Plaintiff provided the requested information and YouTube replied back stating the content was removed (see attached email exhibits).

23. However, without notice to Plaintiff, YouTube re-instated the video in violation of their own takedown rules noted in the complaint.

24. Plaintiff filed a second takedown request and received the response noted in exhibit #1 of the sealed complaint and attached hereto once again.

25. This action followed.

5

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT: MARCEL ALBERT V. YOUTUBE, LLC**

26. Beatport, a leading digital download shop, received the DMCA Takedown Request, supporting information, contacted the infringing parties, and opted to take the infringing work off of the shop (see attached emails).

27. An amended complaint is further required to include parties whom were either completely non responsive to the takedown request, to wit, Pandora (their email address for DMCA was non functionable nor did Plaintiff receive a reply for the physical copy which was delivered via registered mail signed); and, Spotify whom has refused to consider the takedown request as well on arbitrary grounds.

28. As the court may surmise from the emails, Plaintiff has successfully found UK Counsel to tackle his claims for redress in The United Kingdom as well (see generally the Beatport emails, confirmation of representation by Attorney Steve Kuncewicz, Head of IP, Bermans Law Firm, Manchester, England).

29. Plaintiff is also further interviewing attorney's to take this case on a contigency basis, of which many have expressed interest.

30. As the Plaintiff properly identified the market that YouTube has monopolized the marketplace for streaming of music videos in the compliant, and herein, Plaintiff requests he be granted leave to re-craft with more clarity the Sherman Act claim in the Amended Complaint.

31. Plaintiff also intends to add additional parties to the complaint, including but not limited to: Tramar Dillard (professionally known as Flo Rida), Eric & Lee Prince (Dillard's

6

**MOTION FOR LEAVE TO FILE AMENDED COMPLAIN: MARCEL ALBERT V. YOUTUBE, LLC**

Exclusive management that knowingly and wilfully licensed the infringing masters to Universal Music Group without first receiving proper publishing interpolation sample clearance from Plaintiff, despite making considerable efforts to commence discussions with Plaintiff prior to doing so, and other purported co-writers/co-composers/publishers/labels of the infringing work and sound recording: 'Somebody' by Natalie La Rose.

WHEREFORE, Plaintiff, having shown good cause, hereby moves this court to For leave the file an amended complaint.

**RESPECTFULLY SUBMITTED,**

/s/ MARCEL ALBERT

**MARCEL ALBERT**
**PLAINTIFF PRO SE**
**CANADA**

.

**MOTION FOR LEAVE TO FILE AMENDED COMPLAIN: MARCEL ALBERT V. YOUTUBE, LLC**